IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WANDA FULTS )
)
v. ) NO. 2:07-0011
) JUDGE CAMPBELL
SHIROKI NORTH AMERICA, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 22). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Wanda Fults filed this action against her former employer, Defendant Shiroki North America, Inc., alleging violations of the Family Medical Leave Act ("FMLA"), specifically that Defendant wrongfully discharged her in violation of the FMLA.

Defendant operates a manufacturing facility in Smithville, Tennessee, where it produces parts for the automobile industry. Docket No. 26, ¶ 1. Plaintiff was hired by Defendant on or about September 19, 2003. *Id.*, ¶ 2. At the time she was hired, Plaintiff received a Team Member Manual which summarized and explained Defendant's policies and procedures. *Id.*, ¶ 3.

The Team Member Manual contains a prohibition against accepting other employment or going into business while on a leave of absence from Defendant. *Id.*, ¶ 4. Specifically, the provision at Section 5.16 of the Manual states: "If you accept employment or go into business while on a leave of absence from SWM,[1] you will be considered to have voluntarily resigned from employment with SWM as of the day on which you began your leave of absence. *Id.*, ¶ 4.

---

[1] Defendant previously operated under the name SW Manufacturing, Inc. but has since changed to its present name.

On March 16, 2006, Plaintiff underwent surgery for a non-work-related injury and began a twelve-week period of approved FMLA leave. *Id.*, ¶ 5. Previously, Plaintiff had requested and received FMLA leave on January 26 and 27, 2006, and February 14-17, 2006. *Id.*, ¶ 6.

Defendant contends that less than a month after beginning her March 2006 FMLA leave, Plaintiff became a 50% owner in a business entity called The Barber Shop in McMinnville, Tennessee. *Id.*, ¶ 7. Plaintiff argues that, under the facts of this case, she was not a 50% owner in the business. *Id.* Plaintiff contends that a friend "gave" Plaintiff and another woman the hair styling business. *Id.* In an advertisement which ran in a local newspaper, Plaintiff was identified as a "co-owner" of The Barber Shop, and Plaintiff also attended the Grand Opening of The Barber Shop on April 11, 2006. *Id.*, ¶¶ 8-10. Plaintiff has testified, in deposition and via affidavit, that she had an ownership interest in The Barber Shop. *See* p. 5, *supra*.

When Defendant learned of Plaintiff's interest in The Barber Shop, it terminated Plaintiff's employment for violation of its policies. *Id.*, ¶ 11. Plaintiff brought this action alleging retaliation in violation of the FMLA.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Meyers v. Columbia/HCA Healthcare Corp.*, 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.*; *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. *Meyers*, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Id.* The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. *Hopson*, 306 F.3d at 432.

## FMLA

To show retaliation[2] for taking FMLA leave, Plaintiff must prove: (1) she availed herself of a right that is protected under the FMLA; (2) she suffered an adverse employment decision; and (3) there is a causal connection between her protected activity and the adverse employment decision. *Soletro v. National Federation of Independent Business*, 130 F.Supp.2d 906, 912 (N.D. Ohio 2001).

Although an employee who has taken FMLA leave has the right to be restored by the employer to the position of employment held by the employee when the leave was commenced, the right to reinstatement under the FMLA is not absolute. *Pharakhone v. Nissan North America, Inc.*, 324 F.3d 405, 407 (6th Cir. 2003). An employer need not reinstate an employee who would have lost his job even if he had not taken FMLA leave. *Id.* And an employer need not reinstate an employee if application of a uniformly-applied policy governing outside or supplemental

---

[2] The Court finds that Plaintiff's claim is properly characterized as an FMLA retaliation claim. If Plaintiff's claim were analyzed as an FMLA interference claim, however, the result is the same. In order to establish a claim that Defendant interfered with Plaintiff's exercise of FMLA rights, Plaintiff must show: (1) Plaintiff was an eligible employee under the FMLA; (2) Defendant was a covered employee under the FMLA; (3) Plaintiff was entitled to FMLA leave; (4) Plaintiff gave Defendant notice of her intent to take FMLA leave; and (5) Defendant denied Plaintiff FMLA benefits to which she was entitled. *Novak v. Metrohealth Medical Center*, 503 F.3d 572, 577-78 (6th Cir. 2007). For the same reasons Plaintiff cannot establish an FMLA retaliation claim, she cannot establish that Defendant denied her FMLA benefits to which she was entitled.

3

employment – i.e., a rule against working while on leave – results in the employee's discharge. *Id.* (citing 29 C.F.R. § 825.312(h)).

Whether Defendant violated the FMLA in this case, thus, turns on why Plaintiff was fired. Plaintiff must "at least" show that her taking FMLA leave was a "negative factor" in Defendant's decision to terminate her employment. *Pharakhone*, 324 F.3d at 408. Certainly it is true that Plaintiff could not have violated Section 5.16 of the Team Member Manual had she not been on leave, but the Court finds that Plaintiff has not shown the required causal connection between taking FMLA leave and her discharge.

It is undisputed that Defendant's policy states that accepting other employment or going into business while on leave is a ground for termination. Plaintiff contends that Defendant did not provide adequate notice of this section of the manual as it related to FMLA leave. Plaintiff has acknowledged receipt of a copy of the Manual which contained the relevant information. Docket No. 26, ¶ 3. The specific information at issue here was included in a section headed "Leaves of Absence." *Id.*, ¶ 4. The Court finds that the provision at issue, even if it was not in the section of the Manual specifically devoted to the FMLA (as Plaintiff argues), provided adequate notice of the consequences of accepting other employment or going into business while on leaves of absence.

Thus, the issue specifically becomes whether Plaintiff accepted employment or went into business while on FMLA leave. Plaintiff argues there are disputed issues of material fact concerning this question, but the Court disagrees.

Plaintiff's Complaint states that "Plaintiff was given an interest in a business." Docket No. 1, ¶ 8. Plaintiff's Complaint acknowledges that "Plaintiff's picture, along with pictures of her two co-owners, appeared in the local newspaper in an advertisement announcing the opening of 'The

4

Barber Shop.'" *Id.*, ¶ 9. Plaintiff's Complaint asserts that Plaintiff "accepted an interest in a barber shop which was given to her by a friend." *Id.*, ¶ 11.

Plaintiff's Affidavit states that Plaintiff agreed to "take the shop if she was giving it to me." Docket No. 27, ¶ 5. Plaintiff asserts that "it sounded good to say I had an interest in The Barber Shop." *Id.*, ¶ 6. Plaintiff admits that she received the right to use space if and when she was able to cut hair and she had the obligation to help her co-owner pay the rent. *Id.*, ¶¶ 7 and 8.

In her deposition, Plaintiff testified as follows:

Q. When the interest of the ownership in The Barber Shop was transferred to you and Diane, you-all split the ownership 50/50?

A. I guess.

. . .

Q. So what was your ownership interest?

A. Well, Jenny just said I could have it, and I just kept a space in case I wanted to go do hair or get my hair done.

. . .

Q. And did you have to pay an amount per month or per week?

A. Per week. No. I'm sorry it was per month. It was $60 per month.

. . .

A. I brought some things in, like curling rods, irons, and stuff like that to put up for an extra station if we wanted to have any - - I had planned on hiring somebody extra to put back there in the back.

. . .

Q. You did accept an interest in a business, correct?

A. She gave me the business, yes.

Q. And you accepted it?

A. Yes.

5

Fults Deposition (Docket Nos. 22-1 and 28-3), pp. 59-60, 144 and 161.

Plaintiff argues that she did not "go into business" at The Barber Shop because she did not pay a dime for her interest in the business. Docket No. 25. Plaintiff contends that she did not "go into business" because she received nothing from the transfer except loss and heartache. *Id*. Plaintiff maintains that she did not go into business because she did not profit or gain anything from her association with The Barber Shop. *Id.* Plaintiff asserts that she could not have gone into business because she was physically unable to do hair. *Id*.

The Court finds that Plaintiff's own testimony establishes that she went into business while on FMLA leave. Whether Plaintiff's decision to accept an interest in The Barber Shop was a smart decision, whether she actually profited by that decision, and to what extent she actually worked there are irrelevant to whether she went into the business. The facts which Plaintiff disputes do not change the underlying fact that she accepted a business interest in The Barber Shop, incurred obligations as a result, and took actions based upon that ownership interest.

Plaintiff was fired by Defendant because she violated Defendant's leave of absence policy and not because she took FMLA leave. The Court finds no causal connection as required to establish a *prima facie* claim for retaliation under the FMLA. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.[3]

Even if Plaintiff could establish a *prima facie* case of FMLA retaliation, the Court alternatively finds that Defendant's articulated non-discriminatory reason for Plaintiff's discharge

---

[3] Plaintiff contends that the timing of Defendant's decision is enough to establish the causal connection required. Without more, however, coincidental timing is insufficient to create a genuine issue of material fact regarding Defendant's motivation. *Jeremy v. Northwest Ohio Dev. Center*, 33 F.Supp.2d 635, 639 (N.D. Ohio 1999).

6

is not pretextual. It is undisputed that Defendant had notice of Plaintiff's ownership interest in The Barber Shop through both the newspaper advertisement and also its own investigation. Defendant reasonably believed that Plaintiff had violated Section 5.16 of its Team Member Manual by going into business while on leave.

An employer's proffered non-discriminatory reason for termination is considered honestly held where the employer can establish it reasonably relied on particularized facts that were before it at the time the decision was made. *Memmer v. Indalex, Inc.*, 2007 WL 496360 at * 7 (N.D. Ohio Feb. 12, 2007); *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-06 (6th Cir. 1998). In deciding whether an employer reasonably relied on the particularized facts before it, the Court does not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather, the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action. *Memmer* at * 7.

In this case, Plaintiff has not shown that Defendant's honestly held belief was pretextual and, thus, cannot establish her FMLA retaliation claim.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED, and Plaintiff's action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7

Case 2:07-cv-00011   Document 31   Filed 04/22/08   Page 7 of 7 PageID #: 768